1  Janice M. Bellucci, Esq., SBN 108911
   LAW OFFICE OF JANICE M. BELLUCCI
2  235 East Clark Avenue, Suite C
   Santa Maria, California 93455
3  Tel: (805) 896-7854
   Fax: (805) 928-8736
4  JMBellucci@aol.com

5  Attorneys for Plaintiff John Doe

FILED

2013 SEP 18  AM 10: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9

10

11  JOHN DOE, an individual,                Case No.:  **SACV13-01458 AG (DFMx)**

12

13                          Plaintiff,      **COMPLAINT FOR RELIEF**
                                            [42 U.S.C. § 1983]
14  vs.

15  CITY OF ORANGE, an incorporated California
    municipality; and DOES 1 through 10,
16  inclusive,

17                          Defendants.

18

19                          INTRODUCTION

20      1.    This civil rights action challenges a City of Orange, California Municipal Code

21  provision that suppresses and unduly chills protected speech and expression as well as compels

22  speech in violation of the First Amendment to the United States Constitution.

23                      JURISDICTION AND VENUE

24      2.    This court has jurisdiction over this action under 28 U.S.C. Sections 1331, 1343(a),

25  and 2201, as well as 42 U.S.C. Section 1983.

26

27  ─────────────────────────────────────────────

28              COMPLAINT FOR RELIEF (42 U.S.C. § 1983)

**JURISDICTION AND VENUE**

2.    This court has jurisdiction over this action under 28 U.S.C. Sections 1331, 1343(a), and 2201, as well as 42 U.S.C. Section 1983.

3.    Under 28 U.S.C. Section 1391(b), venue is proper in this district because defendant is a municipality in this district and the events giving rise to the claims occurred and occur in this district.

**PLAINTIFF**

4.    Plaintiff John Doe is a current resident of the City of Orange, California, and a citizen of the United States, and was both at all times herein mentioned and relevant to this action.  Plaintiff John Doe is required to register pursuant to Section 290 of the California Penal Code and has been convicted of an offense against a person under the age of 18.  Plaintiff John Doe is visible on the Megan's Law website as maintained by the State of California Department of Justice, Office of the Attorney General, at all times herein mentioned and relevant to this action.

5.    Plaintiff John Doe is referred to herein as "Plaintiff".

6.    Plaintiff John Doe is referred to herein as the "Registrant Plaintiff".

**DEFENDANTS**

7.    Defendant City of Orange, California ("City") is an incorporated municipality located in Orange County, State of California.  City of Orange adopts municipal ordinances through a five-member city council and enforces such ordinances through its Police Department.

8.    The true names and capacities of Defendants sued as DOES 1 through 10 are unknown to Plaintiff, who therefore sue those Defendants by fictitious names. Plaintiff will seek leave to amend this Complaint, if necessary, to reflect the true names once they have been ascertained.

2

# FACTUAL ALLEGATIONS

9.    City of Orange Municipal Code Section 9.10.045, enacted as Ordinance No. 3-10, on February 23, 2010, (the "Ordinance") imposes life-long mandated speech on defined persons who are required to register pursuant to California Penal Code Section 290 et seq. (a "Registrant") at their residence on October 31 ("Halloween") every year.  The Ordinance imposes burdens on the free speech rights of Registrants, and by virtue of their residence with Registrants, all persons who reside with Registrants.

10.    The Ordinance imposes speech restrictions upon all Registrants who are defined as the following: "I. SEX OFFENDER means any person for whom registration is required pursuant to Section 290 of the California Penal Code, regardless of whether that person is on parole or probation, and has been convicted of an offense against a child." (Ordinance Section 9.10.020: "Definitions").

11.    The Ordinance provides the following definition of "child" or "children": "CHILD or CHILDREN means any person(s) under the age of eighteen years of age." (Ordinance Section 9.10.020(A).)

12.    The government mandated speech, as regulated by the Ordinance, is as follows: "A. Any sex offender, as defined herein, shall be required, between 12:00 a.m. and 11:59 p.m., on October 31st of each year to do the following: "1. Post a sign, no smaller than twelve (12) inches by twenty-four (24) inches, on the front door at his residence stating, 'No candy or treats at this residence.'" (Ordinance Section 9.10.045(A)(1).)

3

13. Among other things, the Ordinance is silent as to whether this government-mandated speech applies to other persons residing at the Registrant's residence.

14. Other than defining "Child or Children" as specified above (Ordinance Section 9.10.020(A).) and "Sex Offender" as "any person for whom registration is required pursuant to Section 290 of the California Penal Code, regardless of whether that person is on parole or probation, and has been convicted of an offense against a child" (Ordinance Section 9.10.020(I).), the Ordinance provides no other definitions of any terms used therein.

15. The Ordinance imposes the penalty of a criminal misdemeanor upon any Registrant who does not comply with any of the foregoing mandates as follows: "[a]ny person violating the provisions of this chapter shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of one thousand dollars ($1,000.00) and/or imprisonment in the Orange County Jail for a term not exceeding one year." (Ordinance Section 9.10.050.)

16. As stated, the Ordinance mandates speech and other expressive activity on private property.

17. The Ordinance applies only to speech of Registrants in the context of Halloween celebration, while speech of a different content, even if expressed in the same time, place, and manner, is not proscribed or regulated.

18. The mandated speech is undisputedly a form of expression entitled to the same constitutional protections as traditional speech. The Ordinance is a content-based regulation of protected free speech because it distinguishes favored speech from disfavored speech based on the content of the message. The Ordinance blatantly forces speech upon a particular sub-group within an outcast minority, further forcing public shame upon Registrants and endangering the physical safety of Registrants as

4

1   well as those who reside in the same residence with them by mandating that they

2   place a large content-specific sign on the front door of the Registrants' residence

3   every year on October 31.

4       19.   Moreover, enforcement of the Ordinance requires law enforcement to

5   scrutinize the content of the mandated speech. For example, the Ordinance does not

6   define the point size of the font type to be used to write the words on the sign required

7   by the Ordinance. A Registrant could post a sign that is technically within compliance

8   but subject to law enforcement scrutiny if the point size is smaller than desired. This

9   could lead law enforcement to a subjective interpretation of whether the Registrant is

10  or is not, in fact, in compliance with the Ordinance. The legality of the speech

11  therefore turns on the message, or content, of the speech. Content-based speech

12  restrictions – especially in private such as residences – are presumptively

13  unconstitutional and must satisfy strict scrutiny.

14      20.   In addition, while the Ordinance does not facially impose burdens on

15  other persons, and specifically those who reside with Registrants, by imposing

16  burdens on Registrants' relating to their residences and conduct thereon on

17  Halloween, the Ordinance, as applied, imposes the same burdens on any person who

18  resides with a Registrant as the Ordinance imposes on Registrants. Alternatively, to

19  the extent that Defendant City argues that no person who resides with a Registrant

20  may be held liable for violating the Ordinance by not placing a sign of the prescribed

21  size and content on the front door of the residence, then enforcement of the Ordinance

22  requires law enforcement to scrutinize and discern between persons who engage in

23  the mandated speech, herein among the Registrant Plaintiff and his living companions

24  (if any) and any other Registrant affected by the Ordinance and his or her living

25  companions (if any).

26

27

28                                              5

21.    Defendant City lacks either a compelling or substantial legitimate governmental interest in mandating speech and expression in the manner accomplished by the Ordinance.

22    The Ordinance is not the least restrictive means to further any compelling or substantial governmental interest.

23.    Even if it were content-neutral, the Ordinance fails to pass constitutional muster because its restrictions are not sufficiently narrowly tailored to serve any significant governmental interest that the City designed it to serve.

24.    The Ordinance also ignores that alternative avenues of inquiry for determining who is a Registrant is easily already available on the so-called "Megan's List" website, readily available to any person with access to a computer with an internet connection. Thus, parents, their children and other persons engaging in "trick or treating" on Halloween already have an available remedy to avoid Registrant residences if they so desire. In fact, the very purpose of the public registry is an "administrative" and "regulatory" tool available to the public so that they may protect themselves without further government intrusion into the lives of Registrants.

25.    By virtue of the fact that the Ordinance mandates speech that Registrant does not want to be compelled into and proscribes criminal liability for non-compliance, the act and effect of the registry becomes punitive in nature.

26.    The Ordinance is overbroad and burdens substantially more speech than is necessary to further any governmental interest, and, to this end, imposes burdens on Registrants in violation of their First Amendment rights.

27.    Finally, the Ordinance is arbitrary, motivated by political incentive in response to popular sentiment against Registrants, lends itself to discriminatory enforcement and suppression of the constitutional rights of Registrants, and cannot meet the stringent standards required by the First Amendment on restrictions of free speech and association rights.

6

## FIRST CLAIM

### (42 U.S.C. § 1983 --First Amendment)

28.   Plaintiff re-alleges paragraphs 1 through 27 of this Complaint as though fully set forth here.

29.   By leaving in place, enforcing, and/or threatening to enforce Section 9.10.045(A)(1) of the Ordinance, Defendant City deprives Plaintiff John Doe and other Registrants of rights guaranteed by the First Amendment of the United States Constitution.  Defendant City commits these unconstitutional acts under color of authority of law.

30.   Continued enforcement or threats of enforcement of Section 9.10.045(A)(1) of the Ordinance violates the rights of Plaintiff John doe and the rights of other Registrants that are protected by the First Amendment of the United States Constitution.  Section 9.10.045(A)(1) of the Ordinance therefore should be enjoined and its previous enforcement nullified.

## SECOND CLAIM

### (28 U.S.C. § 2201- Declaratory Relief)

31.   Plaintiff re-alleges paragraphs 1 through 30 of this Complaint as though fully set forth here.

32.   An actual controversy exists between Plaintiff John Doe and Defendant City of Orange regarding the constitutionality and legal enforceability of Section 9.10.045(A)(1) of the Ordinance.

33.   Plaintiff John Doe is entitled to a declaration of his rights with regard to the Ordinance.

## PRAYER FOR RELIEF

34.   Because of the actions alleged above, Plaintiff John Doe seeks judgment against Defendant City of Orange as follows:

1             a.    That Defendant be enjoined in perpetuity from enforcing the City

2     of Orange Municipal Code Section 9.10.045(A)(1);

3             b.    That the City of Orange Municipal Code Section 9.10.045(A)(1)

4     be declared null and void as unconstitutional in violation of the First Amendment of

5     the United States Constitution;

6             c.    That Plaintiff recovers damages in an amount to be proved at trial;

7             d.    That Plaintiff recovers from Defendant, under 42 U.S.C. Section

8     1988, all of Plaintiff's reasonable attorneys' fees, costs, and expenses of this

9     litigation; and

10            e.    That Plaintiff recovers such other relief as the Court deems just

11    and proper.

12

13    Dated: September 18, 2013

14

15

16                            LAW OFFICE OF JANICE M. BELLUCCI

17

18                            By: _____

19                                Janice M. Bellucci

20                                Attorney for Plaintiff John Doe

21

22

23

24

25

26

27

28                                  8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Andrew J. Guilford_____ and the assigned Magistrate Judge is _____Douglas F. McCormick_____ .

The case number on all documents filed with the Court should read as follows:

## SACV13-01458 AG (DFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____September 18, 2013_____
Date

By ___Lori Wagers_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☒ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                     NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

JOHN DOE, an individual,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

CITY OF ORANGE, an incorporated California municipality; and DOES 1 through 10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Janice M. Bellucci, Esq.    SBN 108911
235 East Clark Avenue, Suite C
Santa Maria, California 93455    805-896-7854

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

Wayne Winthers, City Attorney
300 E. Chapman Avenue
Orange, California 92866    714-744-5580

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes  ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No   **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

First Amendment 42 U.S.C. § 1983

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**SACV13-01458 AG (DFMx)**

**FOR OFFICE USE ONLY:**    Case Number: _____

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE**: Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes ☒ No | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

X   2 or more answers in Column C

☐   only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐   2 or more answers in Column D

☐   only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | SOUTHERN |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☐ NO  ☒ YES

If yes, list case number(s):   CV12-08377 PA (VBKx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   *Jannie M. Bellucci*   DATE:   September 18, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |